**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JORGE MILANES CABRERA** | **CIVIL CASE NO. 26-3556** |
| **VERSUS** | **JUDGE EDWARDS** |
| **TIMOTHY DUCOTE, ET AL** | **MAG. JUDGE PEREZ-MONTES** |

# MEMORANDUM RULING AND ORDER

Pending before the Court are several motions filed by Jorge Milanes Cabrera ("Petitioner") on the same day. Petitioner submitted an Emergency Motion for Immediate Release,[1] a Motion to Expedite Consideration of Petitioner's Petition for Writ of Habeas Corpus,[2] a Motion for Temporary Restraining Order,[3] a Motion to Stay Removal,[4] and a Motion to Enjoin Re-detention Following Release.[5] Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Motions are **DENIED**.

This Court will reiterate its view that Petitioners may not circumvent the habeas process by seeking injunctive relief.[6] Petitioner has filed a Petition for Writ of Habeas Corpus related to his detention by Immigration and Customs Enforcement

[1] *See* R. Doc. 2.
[2] *See* R. Doc. 3.
[3] *See* R. Doc. 4.
[4] *See* R. Doc. 5.
[5] *See* R. Doc. 6.
[6] *Apolinario Gaspar Tum Pu,* No. 1:26-CV-03369, ECF No. 6 at *2 (W.D. La. Sept 2, 2026) ("The Court will not allow Petitioner to commit an end-run around the habeas process. Petitioner's preliminary relief sought—his immediate release—mirrors the ultimate relief sought in the habeas Petition.").

("ICE").[7] This Court has adopted standing orders which govern the prompt adjudication of his petition.[8]

Petitioner, through his various motions, seeks "immediate release, or at minimum an expedited hearing."[9] The relief sought in many of the Petitioner's filings serve an identical purpose and are substantially the same. The basis of a habeas action is to challenge the statutory or constitutional basis for detention.[10] Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide one's habeas petition immediately.[11]

Because the preliminary relief sought—immediate release—mirrors the ultimate relief sought in the habeas Petition; and, keeping with the Court's commitment to not allow Petitioners to work around the habeas process, **IT IS ORDERED** that the Petitioner's Motion for Temporary Restraining Order, Emergency Motion for Immediate Release, and Motion to Expedite Consideration of Petitioner's Petition for Writ of Habeas Corpus are **DENIED**.

Petitioner seeks "an order staying and enjoining his removal from the United States…pending final resolution of his Petition for Writ of Habeas Corpus."[12] A stay of removal is "a judicial constraint on immigration authorities' decision to execute the

[7] *See* R. Doc. 1 at 2.
[8] *See* R. Docs. 8 and 9.
[9] *See* R. Doc. 2 at 2.
[10] *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).
[11] *Antonio Hernandez v. ICE ERO New Orleans et al.*, No. 1:26-CV-01935, ECF No. 5 (W.D. La. June 9, 2026) ("The Court will not allow Petitioner to skip to the front of the Court's habeas docket."); *see Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).
[12] *See* R. Doc. 5 at 2.

removal order, contrary to the purpose of § 1252(g)."[13] Federal courts lack jurisdiction over claims connected with an immigration authority's decision to execute a removal order.[14] Therefore, for lack of jurisdiction, **IT IS ORDERED** that Petitioner's Motion to Stay Removal is **DENIED**.

Petitioner asks this Court to issue an order preventing detention upon release.[15] However, ICE is authorized to re-detain an alien "'if, on account of changed circumstances' it is determined that 'there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.'"[16] Therefore, **IT IS ORDERED** that Petitioner's Motion to Enjoin Re-detention Following Release is **DENIED**.

**THUS DONE AND SIGNED** this 18th day of September, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

[13] *Biying Lin v. Kenneth Genalo et al.*, No. 6:25-CV-02145, ECF No. 35 at *3 (W.D. La. June 23, 2026) ["Lin"]; *see Xue v. Bowen*, No. CV 26-1958, 2026 WL 1683137, at *1 (W.D. La. June 10, 2026); *see Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) ("A request for stay of removal is a challenge to a removal order.").

[14] *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999) (quoting 8 U.S.C. § 1252(g)); *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026); *see Xue v. Bowen*, No. CV 26-1958, 2026 WL 1683137, at *1 (W.D. La. June 10, 2026) (denying Petitioner's request for a stay of removal while he seeks review of his habeas petition); *see Lin* at *3 ("And again, '[b]ecause [a stay from removal] is tantamount to a challenge to the execution of a removal order, section 1252(g) bars [this Court] from exercising jurisdiction.'") (quoting *Cardoso v. Reno*, 216 F.3d 512, 517 (5th Cir. 2000)).

[15] *See* R. Doc. 6 at 2.

[16] *Meenu B. v. Venegas*, No. 1:26-CV-00350, 2026 WL 1999899, at *1 (S.D. Tex. Apr. 30, 2026) (quoting 8 C.F.R. § 241.13(i)(2)).